UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

REO BRYANT et al.,

        Plaintiffs,        Case No. 1:14-cv-869

v.                               Honorable Robert Holmes Bell

HARRELL SMITH et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by three state prisoners pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiffs leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiffs' *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiffs' action will be dismissed as frivolous because their claims are barred by the statute of limitations.

**Factual Allegations**

Plaintiffs Reo Brant, Larry Stoval and Anthony Martin are incarcerated in the Chippewa Correctional Facility, but their complaint does not concern the conditions of their confinement. Rather, Plaintiffs assert violations of their Fourth Amendment rights arising from their arrests and criminal prosecutions in Kent County, Mason County and Oakland County, respectively. In their *pro se* complaint, Plaintiffs sue Grand Rapids Police Detective Harrell Smith, Kent County Prosecutor Helen Brinkman, 61st District Court Judge Fritz Heartley, the Kent County Sheriff's Department, Ludington Police Officer Dean Schultz, Mason County Prosecutor Susan Sniegowski Kasley, 79th District Court Judge Peter J. Wadel, Mason County Sheriff's Department, Detroit Police Detective Darick Bradford, Oakland County Prosecutor Jessica R. Cooper, 46th District Court Judge Sheila R. Johnson and the Oakland County Sheriff's Department.

Plaintiff Bryant alleges that Defendant Smith arrested him in Grand Rapids without a warrant on August 23, 2002. Plaintiff Bryant contends that Defendants Smith, Brinkman, Heartley, and Kent County Sheriff's Department conspired to deprive him of a proper "judicial determination of probable cause" in violation of his Fourth Amendment rights. Plaintiff Stoval makes similar allegations against Defendants Schultz, Kasley, Wadel, and Mason County Sheriff's Department, following his warrantless arrest by Defendant Schultz in Ludington on June 8, 2005. Likewise, Plaintiff Martin claims that Defendant Bradford arrested him without a warrant on November 19, 2008, and that Defendants Bradford, Cooper, Johnson and Oakland County Sheriff's Department conspired to violate his Fourth Amendment rights by prosecuting him without making a judicial determination of probable cause. Plaintiffs seek declaratory and injunctive relief, as well as monetary damages.

**Discussion**

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[1]

Plaintiffs' complaint is untimely. Plaintiffs assert claims arising in 2002, 2005 and 2008, respectively. Plaintiffs had reason to know of the "harms" done to them at the time they occurred. Hence, their claims accrued at the time of their arrests and prosecutions in 2002, 2005 and 2008. Plaintiff's, however, did not file the instant complaint until 2014, well past Michigan's three-year limit. Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380,

---

[1] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed as frivolous if it is time-barred by the appropriate statute of limitations. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis*, 257 F.3d at 511; *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000). Accordingly, Plaintiffs' action must be dismissed as frivolous

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiffs' action will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiffs appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

Plaintiffs are barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of §1915(g).

If they are barred, they will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: October 9, 2014                                         /s/ Robert Holmes Bell
                                                               ROBERT HOLMES BELL
                                                               UNITED STATES DISTRICT JUDGE